# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:03-CR-62-TLS |
| | ) | (1:09-CV-147) |
| DENARD MORRIS | ) | |

## OPINION AND ORDER

On May 25, 2010, this Court issued an Opinion and Order [ECF No. 183] denying the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and issuing a certificate of appealability. On May 26, 2011, the Court issued an Opinion and Order [ECF No. 189] denying the Defendant's request to reopen the time to file an appeal of the Court's Opinion and Order denying his habeas motion. On June 16, 2011, the Defendant filed a Notice of Appeal [ECF No. 190], stating that he was appealing the Court's Opinion and Order denying his motion to reopen the time to file an appeal. The Court of Appeals issued a Circuit Rule 3(b) Notice advising the Defendant that, depending on his situation, he should pay the docketing fee or file a motion to proceed on appeal *in forma pauperis* with the district court.

On July 5, the Defendant filed a Motion for Leave to Appeal *In Forma Pauperis* and Request for Counsel [ECF No. 194]. The Defendant seeks permission to proceed on appeal without prepayment of fees and costs. *See* 28 U.S.C. § 1915(a). In support of his Motion, the Defendant attaches his Affidavit in accordance with Federal Rule of Appellate Procedure 24(a)(1). In his Affidavit, the Defendant identifies his issues on appeal as whether the Court of Appeals has the power under Rule 2 to excuse the Defendant's failure to file a timely notice of appeal in accordance with Rule 4(a), and whether appellate jurisdiction is timely invoked when

the district court issues a certificate of appealability on its own since the certificate of appealability is the functional equivalent of a notice of appeal.

Because the Court already found that the Defendant was financially unable to pay for his own defense in his criminal case, further authorization is not necessary to appeal *in forma pauperis* unless the court certifies that it is not taken in good faith. Fed. R. App. P. 24(a)(3); *see also* 28 U.S.C. § 1915(a)(3). The standard for refusing to permit an appeal to be taken *in forma pauperis* is that the appeal be certified by the district court in writing as "not taken in good faith." This is an objective standard that requires the Court to consider whether the claim is frivolous—whether it is a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). Because the Court finds that the Defendant's appeal is not taken in good faith, the Court will deny his motion to proceed *in forma pauperis.*

The Court previously explained in its Opinion and Order denying the Defendant's request to reopen his time to appeal that the Defendant did not file his request to reopen the time to file an appeal within the time prescribed by Rule 4(a)(6), and that the Court had no authority to create an exception to the mandatory and jurisdictional requirements of Rule 4. *See Bowles v. Russell*, 551 U.S. 205, 210, 214 (2007). The Defendant argues that Federal Rule of Appellate Procedure 2 gives the Court of Appeals power to excuse the Defendant's failure to file a timely notice of appeal in accordance with Rule 4(a). Rule 2, although it allows the Court of Appeals to suspend the Rules to expedite its decision or for other good cause, is not without exception. The Court of Appeals may suspend provisions of the Rule "except as otherwise provided in Rule 26(b)." Fed. R. App. P. 2. According to Rule 26(b), the court may not extend the time to file "a

2

notice of appeal (except as authorized in Rule 4) or a petition for permission to appeal." Fed. R. App. P. 26(b)(1). Moreover, according to the plain language of Rule 4(a)(6), it is "the district court [that] may reopen the time to file an appeal."

Because the "timing requirement for a notice of appeal is both 'mandatory and jurisdictional,' a timely notice of appeal is a prerequisite to [the Court of Appeals'] jurisdiction." *United States v. Lilly*, 206 F.3d 756, 760 (7th Cir. 2000). That this Court previously granted a certificate of appealability does not change this outcome. Rule 11(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts states that a "timely notice of appeal must be filed even if the district court issues a certificate of appealability." Given the current state of the law, this Court had no authority to reopen the time to file an appeal unless all the requirements of Rule 4(a)(6) were satisfied (and they were not). No reasonable person could suppose that there is any merit to the Defendant's attempt to reopen the time for appealing the denial of his habeas motion.

For the foregoing reasons, the Court CERTIFIES that the Defendant's appeal is not taken in good faith and DENIES the Defendant's Motion for Leave to Appeal *In Forma Pauperis* and Request for Counsel [ECF No. 194]. The Clerk is directed to provide notice of this Opinion and Order pursuant to Federal Rule of Appellate Procedure 24(a)(4), and the Defendant is advised that he may submit his request to proceed *in forma pauperis* in the Court of Appeals pursuant to Federal Rule of Appellate Procedure 24(a)(5).

SO ORDERED on July 12, 2011.

                                            s/ Theresa L. Springmann
                                            THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT