# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:03-CR-62-TLS |
| | ) | (1:09-CV-147) |
| DENARD MORRIS | ) | |

## ORDER

The Defendant, Denard Morris, has filed a Motion for Relief Pursuant to Fed. R. Civ. P. 60(B)(4) [ECF No. 211]. He asks the Court to "vacate the default judgment in this matter." Upon review of the docket, the Court could not locate a default judgment, or any other judgment that should be deemed void.

On May 25, 2010, this Court issued an Opinion and Order [ECF No. 183] denying the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and issuing a certificate of appealability. On May 26, 2011, the Court issued an Opinion and Order [ECF No. 189] denying the Defendant's request to reopen the time to file an appeal of the Court's Opinion and Order denying his habeas motion. The Court stated that it was without authority to reopen the time to appeal or to fashion any exception to the rules of appellate procedure under the circumstances before it. The Defendant filed an appeal to challenge this denial. On July 20, 2011, the Seventh Circuit issued an Order, which provided, in relevant part:

> Under Fed. R. App. P. 4(a)(6), a district court may exercise its discretion and reopen the time to appeal if certain preconditions are established. *See In re Marchiando*, 13 F.3d 1111, 1114 (7th Cir. 1994). In the present case, petitioner's motion under Rule 4(a)(6) was not filed within the time limit the rule requires. Therefore, the district court did not abuse its discretion when it denied petitioner's motion to reopen the time to appeal, indeed it could not, and the order denying petitioner's 4(a)(6) motion therefore is AFFIRMED.

(Order, ECF No. 202].

A judgment is void only if a court is powerless to enter the judgment because the court that rendered it lacked jurisdiction to do so or acted in a manner inconsistent with due process. *United States Air Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010); *United States v. Indoor Cultivation Equip. from High Tech Indoor Garden Supply*, 55 F.3d 1311, 1316 (7th Cir. 1995). The Defendant appears to be asserting that the Court's judgment denying his motion for collateral relief is void because he did not receive a copy of the judgment until the time for filing an appeal had passed. But that does not render the judgment itself void. The Court was not without jurisdiction to enter the judgment, and the Defendant had full opportunity to argue the merits of his motion for collateral relief. Although the Clerk's unsuccessful attempt to provide him a copy of the judgment impacted his appellate rights, Federal Rule of Appellate Procedure 4(a)(6) permits a party who did not receive timely notice of a judgment to file a motion to reopen the time to appeal for fourteen days; this motion must be filed within 180 days of the judgment or within seven days of receipt of notice of the judgment, whichever is earlier. This Rule sets the limit on the extra time to appeal that a party may gain from lack of notice. *See* Fed. R. Civ. P. 77(d). Rule 60(b)(4) cannot be used as a substitute for a timely appeal. *Espinosa*, 559 U.S. at 270.

In reviewing the procedural background of this case, the Court can find no judgment that should be rendered void pursuant to Federal Rule of Civil Procedure 60(B)(4).

**CONCLUSION**

For the reasons stated above, the Defendant's Motion for Relief Pursuant to Fed. R. Civ. P. 60(B)(4) [ECF No. 211] is DENIED.

SO ORDERED on October 19, 2015.

     s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT